# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
### HOUSTON DIVISION

| | | |
|---|---|---|
| FCA INVESTMENT COMPANY, | § | |
| *Plaintiff*, | § | |
| | § | |
| vs. | § | CIVIL ACTION H-00-3436 |
| | § | |
| BAYCORP ADVANTAGE LIMITED, | § | |
| *Defendant*. | § | |

## MEMORANDUM AND ORDER

Plaintiff FCA Investment Company objects to ten affidavits with accompanying attachments filed by defendant Baycorp Advantage Limited in response to the court's order issued May 13, 2005 (Dkt. 174), and requests that they be stricken from the record. *See* Dkt. 182. These ten affidavits–signed in New Zealand–are the declarations of eight individuals connected to Baycorp, Finance House, and/or Ernst & Young. FCA has two main objections to the affidavits: (1) they do not comply with the Texas statute on affidavits; and (2) they do not comply with the court's order to be made with personal knowledge. For the following reasons, FCA's motion to strike the affidavits from the record is denied.

An "affidavit" is a " voluntary declaration of facts written down and sworn to by the declarant before an officer authorized to administer oaths, such as a notary public." BLACK'S LAW DICTIONARY 62 (8th ed. 2004). This definition is substantially similar to one of the few offered by a federal court: "a statement reduced to writing and the truth of which is sworn to before someone who is authorized to administer an oath." *Pfeil v. Rogers*, 757 F.2d 850, 859 (7th Cir. 1985) (citing cases). Other than affidavits submitted in support of summary judgment motions, federal law

appears to have no particular provisions relating to affidavits.[1]  On the other hand, federal law does specifically permit an unsworn alternative to affidavits, but this statutory substitute is not at issue here.[2]

FCA, however, argues that because this action was removed from the state courts of Texas based upon diversity jurisdiction, it is the Texas statute on affidavits that controls.  The Texas Government Code defines an affidavit as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office."  TEX. GOV'T CODE § 312.011(1).  FCA contends that this state law is "substantive" for *Erie* purposes, and provides the "rule of decision."[3]

The initial difficulty with FCA's position is that the particular Texas Government Code provision on which it relies is part of a chapter entitled "Construction of Laws."  TEX. GOV'T CODE Chapter 312.  The evident purpose of this chapter is to provide guidance to courts when construing Texas statutes.  Section 312.011 makes this purpose explicit: "The following definitions apply unless

---

[1] Federal Rule of Civil Procedure 56(e) provides that affidavits in support of summary judgment motions "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein."  FED. R. CIV. P. 56(e).

[2] In lieu of an affidavit sworn under oath, federal law allows an "unsworn declaration, certificate, verification, or statement, in writing, of [a] person which is subscribed by him, as true under penalty of perjury, and dated" to have the same force and effect as an affidavit or other sworn statement.  *See* 28 U.S.C. § 1746; *see also Peters v. Lincoln Elec. Co.*, 285 F.3d 456, 475 (6th Cir. 2002) (while an affidavit is required to be sworn to by the affiant in front of an officer authorized to administer oaths, 28 U.S.C. § 1746 allows for "unsworn declarations under penalty of perjury" to support any matter that legally requires an affidavit to support it).  If this unsworn declaration under penalty of perjury is executed outside of the United States, section 1746 requires that it be substantially in the following form:

"'I declare (or certify, verify, or state) under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on (date).

(Signature)'."

28 U.S.C. § 1746.

[3] Federal courts apply state substantive law and federal procedural law when adjudicating diversity-jurisdiction claims.  *See Exxon Corp. v. Burglin*, 42 F.3d 948, 950 (5th Cir. 1995).

a different meaning is apparent **from the context of the statute in which the word appears**...” (emphasis supplied).  In other words, whenever the Legislature inserts one of the listed words into a statute, the word is presumed to have the meaning set out in § 312.011, unless the context suggests otherwise.  There is no suggestion that this definitional section has any application beyond the context of  interpreting a Texas statute; still less is there any basis to infer that § 312.011(1) was intended to establish the minimum requirements for an effective affidavit in all contexts, including litigation.  Because this case does not involve construction of the term “affidavit” in a Texas statute, and because § 312.011 expressly permits a different definition “when it is apparent from the context,” there is no warrant to apply its definitions in the proscriptive manner sought by FCA.

More fundamentally, FCA’s argument that this state law should be classified as “substantive” for *Erie* purposes is simply unconvincing.  FCA musters but a single authority in support for its repeated insistence that the Texas statute governs the analysis of affidavits in a federal diversity case: *In re Mid-America Petroleum, Inc.*, 83 B.R. 937, 940 (Bankr. N.D. Tex. 1988).  In that case, it was determined that an affidavit filed in support of a mechanic’s and materialmen’s lien under a Texas statute must meet the Texas statutory requirements of an “affidavit.”  *Id.*  This opinion offers no suggestion that the Texas affidavit statute is a substantive matter for *Erie* purposes or that it applies in federal diversity cases.

It should be kept in mind that the policies underlying the *Erie* doctrine are to prevent forum shopping and the inequitable administration of the law.  *See Hanna v. Plumer*, 380 U.S. 460, 468 (1965).  There is little risk litigants will shift venue from state to federal courts to exploit whatever differences there are–if any–between federal and state courts requirements of affidavits.  Thus, this is not a situation that particularly demands the application of state law.

3

Moreover, even if Texas law were applicable, it is not clear that the affidavits would therefore be inadequate.  Under the Texas Civil Practice rules, "An acknowledgment or proof of a written instrument may be taken outside the United States or its territories by ... a notary public or any other official authorized to administer oaths in the jurisdiction where the acknowledgment or proof is taken."  TEX. CIV. PRAC. & REM. CODE § 121.001(c)(3).  The contested affidavits were signed in New Zealand and most were affirmed in either Auckland or Christchurch, before solicitors of the High Court of New Zealand.  These affirmations are substantially in the following form: "Affirmed (or Sworn) at Auckland (or Christchurch) this ... day of June 2005 before me ... A solicitor of the High Court of New Zealand."  *See* Dkt. 181.  FCA offers no reason to believe that the affidavits were not administered by officials authorized to take such oaths in New Zealand, as allowed under Texas statute.

Thus, the court finds it unnecessary to engage in a lengthy analysis of the applicable law and attempt to (a) discern what differences, if any, there are in the requirements for affidavits under federal versus Texas law; and (b) decide which of the two apply.  It should be noted that these affidavits were submitted at the direction of this court and under the terms set forth by this court. The court directed Baycorp to provide affidavits to satisfy FCA that certain documents do not exist and that certain events did not occur.  The court issued this order to help place a derailed discovery process back on track.  The order was not issued to spawn new litigation on the finer points of affidavits or to explore unchartered territories of the *Erie* doctrine (it apparently has been nearly fifty years since a federal court has entertained the question whether federal or state law determines the

4

sufficiency of affidavits[4]).  This court is satisfied that the affidavits comply with the substance and spirit of its order of May 13, 2005, regardless of any technical provisions that may not be perfectly satisfied under Texas law.

FCA's second main point in its motion to strike is that the affidavits are not based on personal knowledge, and that because the affiants' statements are often couched in qualifying language, the affidavits are therefore not sufficiently based on facts.  Given the sheer number of objections, most of which are repetitive, the court sees no need to recite them individually.  The court will note, however, that the affiants are former or current corporate officers, agents, or accountants of Baycorp, Finance House Limited, and/or Ernst & Young, most of whom were directly involved with Finance House and its contested financial operations.  *See* Dkt. 181.  After reviewing the challenged affidavits, the court is satisfied its requirement of personal knowledge has been complied with.

As for the qualifying language, it would have been preferable for the affiants to have employed unequivocal declarations rather than the qualified expressions they so often used.  But the court is not persuaded the affidavits must be struck from the record for this reason.  In many cases, the affiants were declaring the non-existence of documents or the non-occurrence of events (e.g., "I do not believe that a board meeting took place in May 1997").  A straight-forward declaration that "A board meeting did not take place in May 1997" would have been ideal, but given the inherent

---

[4] In *Bucholz v. Hutton*, 153 F. Supp. 62, 66 (D. Mont. 1957), the court treated this as a procedural matter to be governed by federal rather than state law.  It was also noted that historically courts have been liberal in authorizing affidavits used in collateral matters: "'Affidavits taken before notaries in foreign countries have uniformly been received by the courts of England in judicial proceedings without any other proof of their official character or their authority to administer oaths than their notarial seals....The same practice seems to have obtained in the American courts'" (citations omitted).  *Id.*

awkwardness of attempting to prove a negative,[5] the qualifying language is tolerable under the circumstances.

Accordingly, FCA's motion to strike the affidavits is denied.

Signed on July 8, 2005, at Houston, Texas.

Stephen Wm Smith
United States Magistrate Judge

---

[5] *Cf. Schneckloth v. Bustamonte*, 412 U.S. 218, 286 (1973) (Marshall, J., dissenting) ("courts have traditionally been reluctant to require a party to prove negatives"); *Dranguet v. Prudhomme*, 1831 WL 674, at *4-*5 (La. 1831).